**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4880-15T1

MARIEL MIRALLES FERRER,

    Plaintiff-Respondent,

v.

JOSEPH DURKIN,

    Defendant-Appellant.

_____

        Argued May 24, 2017 — Decided June 26, 2017

        Before Judges Accurso and Manahan.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Camden
        County, Docket No. FM-04-1464-13.

        Michael J. Confusione argued the cause for
        appellant (Hegge & Confusione, LLC,
        attorneys; Mr. Confusione, on the brief).

        Respondent did not file a brief.

PER CURIAM

    Defendant Joseph Durkin appeals from aspects of a Family

Part order of June 3, 2016, entered on motions the parties filed

for confirmation, enforcement and clarification after mediation

and binding arbitration.  Because we conclude the Family Part

judge did not exceed his authority in resolving the disputes the parties presented to him on the motions, we affirm.

This is defendant's second appeal from post-judgment orders entered by the Family Part following the parties' divorce in 2014. We set forth the background of the parties' acrimonious co-parenting relationship in our prior opinion and have no need to repeat it here. See Ferrer v. Durkin, No. A-2122-15 (App. Div. Apr. 10, 2017) (slip op. at 2-4).

The current dispute arises out of the parties' agreement to mediate a host of economic issues remaining unresolved after their divorce.[1] Out of nineteen open issues, the parties agreed on thirteen and further agreed to submit the six issues they could not resolve to binding arbitration by the retired judge who mediated their dispute.[2] The "open" issues were counsel

---

[1] The parties were apparently divorced with "both custody and all economic issues remaining unresolved" contrary to Rule 5:7-8, resulting in our piecemeal review of those issues.

[2] Defendant has not included the parties' agreement with the arbitrator in his appendix and plaintiff is not participating in this appeal. Consequently, we cannot confirm the parties' compliance with the holding of Minkowitz v. Israeli, 433 N.J. Super. 111, 147-48 (App. Div. 2013), which prohibits, absent a contract to the contrary, a neutral who assumes the role of mediator from serving as an arbitrator in the matter. Because the issue has not been raised by the parties, we do not consider it in resolving the appeal.

A-4880-15T1

fees, family support credits from the time the parties remained in the same home, plaintiff's responsibility for defendant's credit card debt, the sharing of the expense of extra-curricular activities for the children, expert fees and whether certain trucks used in defendant's business were included in the expert's valuation of the business.

The arbitrator sent a letter to plaintiff, who was then self-represented, and defendant with his decision as to the credit card debt, the family support credit, the sharing of extra-curricular expenses, and fees for the mediation. He closed his letter with the following.

> I find all other issues to be resolved by the "Binding Agreement" [reached in mediation], no monies are owed for the trucks as I find them an integral part of the business.
>
> All unreimbursed medical expenses (co-pays) are included in shared expenses as equal expenses. Premiums are <u>not</u> included for cost of coverage.
>
> If there are any errors or omissions, please provide same to me and to each other by March 7, 2016.

The arbitrator wrote again on March 22, 2016, stating that after the issuance of his decision, he had "received both requests for reconsideration for issues [he had] previously decided and for issues that were not previously raised by the

parties." He then addressed the transfer of the deed to the marital home as the parties had agreed in mediation and a time for plaintiff to remove her belongings. He wrote that "[t]he unreimbursed medical expenses will be shared 50/50 for the children and no sharing for the medical premium for the children." Stating that "[t]here will be no changes for the credits," the arbitrator concluded that he had "ruled on all issues that were left open from the mediation and despite multiple submissions," found no basis to "reconsider" his decision.

Defendant subsequently filed a motion seeking sixteen separate items of relief, among them that "[p]laintiff shall continue to be responsible for all costs associated with securing the children's medical coverage." Although the motion was styled as one seeking "confirmation of an arbitration award, enforcement of a parties' mediated settlement, [and] clarification of the parties' parenting plan," the proposed form of order did not include any provision for confirming the arbitration award or enforcing the mediated settlement. Instead, defendant selected only certain provisions of the mediation agreement and arbitration decision and reworded them for inclusion in a court order.

Plaintiff filed a cross-motion for various items of relief, including resolution of the issue of payment of her expert fees, which was submitted to the arbitrator but not included in his decision, requiring defendant to pay half of the expenses for the cell phones provided to the children, that the parties share equally the cost of agreed extra-curricular activities and that defendant be responsible for half of the children's health care premiums.

After hearing oral argument, the judge entered a comprehensive order addressing all seventeen of the items presented to him for resolution, many of which the parties resolved themselves on or before the return date of the motions. The judge ordered plaintiff to sign the necessary documents permitting defendant to refinance the marital home and the parties to split the arbitrator's fees and the credit card debt "as decided by [the arbitrator] in the binding arbitration agreement." He also accepted defendant's calculation, based on the parties' mediated agreement and the arbitration award, of the $52,297.87 after credits, defendant was to pay plaintiff for her share of defendant's business and the equity in the marital home. The judge denied plaintiff's request that defendant share in her expert fees, the issue submitted to the arbitrator but not included in his decision. Because the issue was presented

A-4880-15T1

to the arbitrator and not included in the award, the judge presumed it denied.

The judge ruled in plaintiff's favor on three issues: that defendant pay half of the monthly cell phone costs for the children, his share being $25 per month; that he be responsible for half of the monthly costs of the health insurance premium for the children, his share being $73.31 per month; and that the parties share equally the costs of agreed extra-curricular activities, with the proviso that "agreement cannot be unreasonably withheld by either party."

The judge reasoned that the cell phone bills were not among the issues discussed in mediation or presented to the arbitrator. Finding cell phones for the children "an appropriate expense" and a "safety" issue, the judge determined it would be inequitable to allow defendant to avoid the costs for the phones he used to contact the children and they used to speak to him.

As to the costs of the health insurance premiums, the parties have a fifty/fifty shared parenting schedule, embodied in an April 2, 2015 parenting plan order and there is no child support paid by either parent. Although plaintiff maintains the children on her health insurance, the judge noted there is no order compelling her to do so. The cost to her of the

children's portion of the premium is approximately $146 per month. The judge determined that "the circumstances are changed based on reasonable considerations" and that defendant would be responsible for fifty percent of the "monthly health insurance premium costs for the children going forward" from the date of the order.

Finally, as to the extra-curricular expenses, the judge emphasized the parties' shared parenting relationship and the need for them to work together and agree on matters such as extra-curricular activities for their children. He determined that allowing the parents to unilaterally choose extra-curricular activities for which the other parent would be financially responsible was contrary to their shared parenting arrangement and would likely lead to more motions in this already-contentious matter. He advised the parties that an unwillingness to cooperate in agreeing on extra-curricular activities for which both would share the costs, with the understanding that neither could unreasonably withhold agreement, would signal to the court that their shared parenting arrangement should not continue.

Defendant appeals, contending "[t]he family judge erred in disregarding the binding arbitration rulings made in the case

A-4880-15T1

and changing what the arbitrator had already decided" on these three issues. We disagree.

Because the decision to affirm or vacate an arbitration award is a decision of law, our review is de novo. <u>Minkowitz v. Israeli</u>, 433 <u>N.J. Super.</u> 111, 136 (App. Div. 2013). Having read the transcript of the argument on the motions and the judge's decision, we have no doubt the Family Part judge well-understood the narrow scope of review of an arbitration award. <u>See</u> <u>Fawzy v. Fawzy</u>, 199 <u>N.J.</u> 456, 470 (2009) (noting the scope of review of an arbitration award is necessarily narrow in order that the benefits of arbitration as an effective, expedient, and fair means of dispute resolution be preserved). In addition to confirming each of the arbitrator's decisions on the financial issues presented for resolution, the judge refused plaintiff's attempt to recover her expert fees, even though not specifically addressed in the award. The judge's determination the claim must be considered as having been denied by the arbitrator, makes clear beyond doubt that he well understood the contours of the Uniform Arbitration Act, <u>N.J.S.A.</u> 2A:23B-1 to -32, which governed his review. <u>See</u> <u>Tretina Printing, Inc. v. Fitzpatrick & Assocs., Inc.</u>, 135 <u>N.J.</u> 349, 360 (1994) (addressing ambiguity in an award under the former statute); <u>cf.</u> <u>Bracken v. Princeton Estates, Inc.</u>, 350 <u>N.J. Super.</u> 300, 311-13 (App. Div.) (finding

substantial evidence in the record compelling conclusion arbitrator considered and rejected claim although failing to address it specifically in award), certif. denied, 174 N.J. 191 (2002).

The judge's treatment of the three issues defendant complains of was in keeping with the court's standard of review under the Uniform Arbitration Act. Defendant acknowledges that the issue of the children's cell phones was not presented to the arbitrator. Thus nothing prevented plaintiff from addressing the issue with the court, as defendant was likewise permitted to pursue a request that plaintiff contribute to the cost of preparing the qualified domestic relations orders and issues regarding the parties' parenting plan. Fawzy, supra, 199 N.J. at 469.

As for the health insurance premiums, there is nothing in writing in this record demonstrating the issue was ever properly before the arbitrator. It is not listed among the six issues referred to arbitration in the parties' Binding Agreement reached in mediation. The issue preserved related to payment for the children's extra-curricular activities, as confirmed by defendant's counsel's January 27, 2016 letter to the arbitrator. That point is reinforced by the wording of the arbitrator's February 26, 2016 letter transmitting his award. After

addressing the specific items of relief and stating his finding that "all other issues [were] resolved by the Binding Agreement," the arbitrator adds that "[a]ll unreimbursed medical expenses (co-pays) are included in shared expenses as equal expenses. Premiums are <u>not</u> included for cost of coverage."

A parent's marginal costs of adding a child to her health insurance premium and unreimbursed health care expenses over $250 per child are different in kind from the costs of extra-curricular activities, as reflected in their exclusion from the basic child support award. <u>See</u> <u>Child Support Guidelines</u>, Pressler & Verniero, <u>Current N.J. Court Rules</u>, Appendix IX-A ¶ 9b, c to <u>Rule</u> 5:6A (2017). <u>N.J.S.A.</u> 2A:23B-24a(2) expressly permits a court to modify or correct an award if "the arbitrator made an award on a claim not submitted to the arbitrator" so long as "the award may be corrected without affecting the merits of the decision upon the claims submitted."

Among the reasons an appointed arbitrator may not "first assume the role of mediator then switch back to conduct final arbitration hearings," is because of the potential for confusion when one person both mediates and arbitrates the same type of issues. <u>Minkowitz</u>, <u>supra</u>, 433 <u>N.J. Super.</u> at 145. That potential, "even more problematic when arbitrating matrimonial disputes between already suspicious adverse parties," <u>id.</u> at

147, is exacerbated when one of the parties is self-represented as plaintiff was at that point of the proceedings.

Because the record does not demonstrate that the claim as to the defendant's contribution to the children's health insurance premium was one preserved for arbitration following mediation, and its resolution clearly did not affect the merits of the arbitrator's decision on the claims that were reserved for arbitration, we find no error in the judge's order requiring defendant to contribute to that cost. See N.J.S.A. 2A:23B-24a(2); Fawzy, supra, 199 N.J. at 469 (holding that only those issues which the parties have agreed to arbitrate shall be arbitrated).

Finally, we have no hesitation in concluding the judge acted well within his authority in directing that the parties in this shared parenting arrangement need to agree on the extra-curricular activities for which each could hold the other financially responsible, with the proviso that "agreement cannot be unreasonably withheld by either party." As defendant notes, the parties agreed to arbitrate their financial issues. It is clear to us that in making this slight adjustment to the arbitrator's award, the judge was not addressing their finances but an issue more fundamental to the continued viability of

their shared parenting arrangement, their willingness to put aside their personal animosities for the good of their children.

In this highly-contentious matter in which two different Family Part judges have already cautioned the parties that their inability to agree on even mundane issues is putting their shared parenting arrangement at risk, we do not conclude the court erred in requiring them to agree on their children's extra-curricular expenses, conditioned on agreement not being unreasonably withheld.  See Faherty v. Faherty, 97 N.J. 99, 109 (1984) (discussing the Family Part's non-delegable, special supervisory function of child support).  In sum, because we conclude the judge acted well within the confines of the Uniform Arbitration Act in entering the order of June 3, 2016, we affirm.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION